UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X     12 cv 7246 LTS
ANGEL RIVERA,

                  Plaintiff,                        **COMPLAINT**

    -against-

                                            **JURY TRIAL DEMANDED**

SERGEANT K..KICKS, SERGEANT D.
CLANCY, CORRECTION OFFICER S.
WOODS, CORRECTION OFFICER T.
JAMES, CORRECTION OFFICER T.
STRACK, CORRECTIONAL OFFICER R.
LAWRENCE, NURSE R. BENTY OF
THE CLINTON CORRECTIONAL FACILITY,
all sued herein in their capacities as individuals

                  Defendant(s).
---------------------------------------------------------X

        The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, of the Law Office of Fred Lichtmacher P.C., respectfully show to this Court and alleges:

## JURISDICTION

1       Jurisdiction is founded upon the existence of a Federal Question.

2       This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges and immunities secured to plaintiff by the Eighth Amendment to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3       Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(a).

4       Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1).

5       Plaintiff has exhausted his administrative remedies pursuant to the Prison Litigation Reform Act.

**PARTIES**

6 That the plaintiff, ANGEL RIVERA was at all times incarcerated at the Clinton Correctional Facility in Dannemora, New York.

7 That at all times hereinafter mentioned, defendants SERGEANT K. KICKS, SERGEANT D. CLANCY, CORRECTION OFFICER S. WOODS, CORRECTION OFFICER T. JAMES, CORRECTION OFFICER T. STRACK, CORRECTIONAL OFFICER R. LAWRENCE, and NURSE R. BENTY were employed by the New York State Department of Corrections and were acting in their capacities as state actors acting under color of law as health care providers entrusted with caring for the health and well being of the plaintiff and other similarly situated inmates at the Clinton Correctional Facility and they were acting for, upon and in furtherance of the business of their employer and within the scope of their employment as members of the New York State Department of Corrections and that this action is brought against the individual defendants in their capacities as individuals.

8 This action arises under the United States Constitution, particularly under provisions of the Eighth Amendment of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1985.

9 Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

**STATEMENT OF FACTS**

10 On September 12, 2009, plaintiff was beaten by defendants SERGEANT KICKS, SERGEANT CLANCY, CO WOODS, CO JAMES, and CO STRACK, CO LAWRENCE, suffering injuries to his head, neck, shoulder, back, abdominal area, ribs, ear and leg.

11	After the beating the defendants who beat the plaintiff refused to get him appropriate needed medical attention, in an effort to cover up what hey had done.

12	Plaintiff received a serious injury and he reported for sick call.

13	Plaintiff was treated perfunctorily by defendant NURSE BENTY, who was aware he was alleging he was beaten by her fellow State of New York Correctional employees, and who refused to give plaintiff appropriate medical care.

14	Plaintiff was placed him in Special Housing Unit (SHU) premised on the false reports of the defendants further preventing him from getting adequate medical care.

15	Plaintiff remained severely ill, in great pain and unable to function properly.

16	Plaintiff put in a sick call everyday for 17 days, from September 13, 2009 - September 30, 2009, but was denied medical treatment.

17	On October 1, 2009, plaintiff was finally given medical care, then placed back with the general population.

18	Had defendants not been deliberately indifferent to plaintiff's medical condition plaintiff would not have suffered physically or emotionally to the extent that he did.

**AS AND FOR A CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE EIGHT AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

19	Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

20	Plaintiff's rights have been violated under the Eighth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C.

§ 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously assaulted him, injuring plaintiff's head, neck, shoulder, back, abdominal area, ribs, ear and leg.

21      The excessive force which the plaintiff was subjected to, was effected by defendants without authority of law and without any reasonable necessity to use any force, much less the excessive and unreasonable force they employed. The force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

22      The defendants who witnessed the use of excessive force and failed to exercise their affirmative duty to intervene, when they had a reasonable opportunity to do so, are liable to the plaintiff along with those officers who directly participated in the use of excessive and unreasonable force.

23       As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Eight Amendment of the United States Constitution, being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

24      By reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, suffering injuries to his head, neck, shoulder, back, abdominal area, ribs, ear and leg, he was subjected to other physical pain, humiliation, embarrassment, anxiety, he was being subjected to various ongoing physical and emotional harms, and plaintiff was otherwise harmed.

25      By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE EIGHTH AMENDMENT VIA
### DENIAL OF ADEQUATE MEDICAL CARE

26 Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

27 That the plaintiff's rights have been violated under the Eighth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that the plaintiff was denied timely adequate medical care by the defendants.

28 That the denial of adequate, timely medical care was done with deliberate indifference to the plaintiff's condition and constituted cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution.

29 That by reason of the unlawful denial of timely, adequate medical care, the plaintiff was harmed physically with injuries to his head, neck, shoulder, back, abdominal area, ribs, ear and leg, plaintiff was subjected to unnecessary physical pain and anxiety, he was subjected to various emotional harms, and that plaintiff was otherwise harmed.

30 That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1985 AND THE EIGHTH AMENDMENT
### CONSPIRACY

31 Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

32      That the plaintiff's rights have been violated under the Eighth Amendment of the United States Constitution and pursuant to 42 U.S.C. § 1985, in that the defendants conspired to deny the plaintiff his constitutional right to adequate medical care while incarcerated by denying him timely adequate medical care to avoid detection of the battery they inflicted on him.

33      That several defendants engaged in the act of denying medical care to the plaintiff, in furtherance of the object of such conspiracy to avoid detection of their wrongful conduct, and deprived the plaintiff of having the rights and privileges of a citizen of the United States.

34      That by reason of the unlawful conspiracy to deny timely, adequate medical care, the plaintiff was harmed physically with injuries to his head, neck, shoulder, back, abdominal area, ribs, ear and leg, plaintiff was subjected to unnecessarily prolonged physical pain, suffering and anxiety, he was subjected to various emotional harms, and that plaintiff was otherwise harmed.

35      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, he is entitled to punitive damages and an award of attorneys' fees is appropriate together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: September 25, 2012
       New York, New York

/ s /
FRED LICHTMACHER (FL-5341)
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff

The Empire State Building
350 5th Avenue Suite 7116
New York New York 10118
(212) 922-9066